1  Elizabeth V. McNulty (Bar No. 192455)
   emcnulty@archernorris.com
2  Patrick R. Ball (Bar No. 249844)
   pball@archernorris.com
3  ARCHER NORRIS
   4695 MacArthur Court, Suite 350
4  Newport Beach, CA 92660-8816
   Telephone: 949.975.8200
5  Facsimile:  949.975.8210

6  Attorneys for Defendant
   TASER International, Inc.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | NANCY SCHROCK, individually and       | Case No.
   | as the personal representative for
12 | THOMAS H. SCHROCK, deceased,           | **NOTICE OF REMOVAL OF CIVIL
   | MATTHEW SCHROCK and SARAH             | ACTION TO FEDERAL COURT
13 | PALMER,                                | UNDER 28 U.S.C. § 1441(b)
   |                                        | (DIVERSITY JURISDICTION)**
14 |             Plaintiffs,
   |                                        |
15 | v.                                     | San Bernardino Superior Court
   |                                        | Case No. CIVDS1408556
16 | TASER INTERNATIONAL, INC.;
   | PATRICK "RICK" SMITH;
17 | LEXIPOL, LLC; and DOES 1-100,
   | inclusive,
18 |
   |             Defendants.
19

20      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21      PLEASE TAKE NOTICE that Defendant TASER International, Inc.

22 ("TASER") hereby removes to this Court the state court action described below

23 based on the facts and evidence described herein:

24 **Background and Basis for Removal**

25      1.   On or about June 17, 2014, an action was commenced in the San

26 Bernardino Superior Court of the State of California, entitled *Nancy Schrock,*

27 *individually and as the personal representative for Thomas H. Schrock, deceased;*

28

T0211001/1925509-1                                        NOTICE OF REMOVAL

*Matthew Schrock; and Sarah Palmer vs. TASER International, Inc; Patrick "Rick" Smith; Lexipol, LLC; and Does 1-100, inclusive*, as Case No. CIVDS1408556 (the "Action"). *See* Complaint, attached as Exhibit A to Declaration of Elizabeth V. McNulty ("McNulty Decl.").

2.  Plaintiffs Nancy Schrock, Matthew Schrock and Sarah Palmer (collectively "Plaintiffs") have filed this wrongful death action against Defendants TASER, its CEO Patrick Smith ("Smith"), and third party Lexipol, LLC ("Lexipol") (collectively "Defendants") alleging causes of action for (a) Negligence; (b) Strict Products Liability; (c) Intentional Misrepresentation; (d) Negligent Misrepresentation; and (e) Fraudulent Concealment and Deceit. There is no legal or contractual relationship between TASER and Lexipol.

3.  The thrust of Plaintiffs' Complaint is that Defendants failed to properly warn and train law enforcement agencies, including the Ontario (California) Police Department ("Ontario PD"), about the alleged dangers associated with chest shots from the TASER® X26™ Conducted Electrical Weapon ("CEW"). Plaintiffs allege that on June 21, 2012, Ontario PD officers arrived at Plaintiffs' residence and encountered the decedent, Thomas Schrock, who was experiencing a psychotic episode. During a confrontation with the decedent, one of the officers deployed his CEW in the decedent's direction, then followed up with a 3-4 point-mode application allegedly causing the decedent to go into cardiac arrest.

4.  Since the Action was commenced in San Bernardino County Superior Court, removal to the Central District of California – Eastern Division is appropriate.

5.  This Notice of Removal is timely. The Complaint was filed on June 17, 2014. *See* McNulty Decl., Ex. A. A Proof of Service on Defendant TASER, filed September 25, 2014, states that Plaintiffs served a copy of the Complaint on TASER on September 19, 2014. *See* McNulty Decl., Ex. B. Thus, this Notice of

Removal is timely as it is filed within the thirty-day deadline for removal under 28 U.S.C. § 1446(b).

6. This Court has original jurisdiction of this civil action under 28 U.S.C. § 1332, which may be removed to this Court by TASER pursuant to the provisions of 28 U.S.C. § 1441(b) because the Action involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of costs.

**Amount in Controversy**

7. Plaintiffs' Complaint fails to allege a specific amount, but seeks to recover economic and non-economic damages against Defendants for the alleged wrongful death of Thomas H. Schrock, as well as punitive and exemplary damages. Consequently, the amount in controversy in this Action exceeds $75,000. *See* McNulty Decl., Ex. A at 23, Prayer to Complaint.

**Complete Diversity of Citizenship**

8. Plaintiffs Nancy Schrock, Matthew Schrock and Sarah Palmer are citizens of the State of California. *See* McNulty Decl., Ex. A Complaint ¶ 1.

9. Defendant TASER is a Delaware corporation with its principal place of business in Scottsdale, Arizona. *Id.*, 2nd ¶ 1. Defendant Smith is a citizen of Arizona. *Id.*, ¶ 2. Defendant Lexipol is a Delaware Corporation with its principal place of business in Aliso Viejo, California. *Id.*, ¶ 3; *see also* Declaration of Ron Wilkerson ¶ 2, attached hereto as Exhibit 1 ("Wilkerson Decl."). Defendants Smith and Lexipol have not been served. *Id.*, ¶ 3.

10. Although Plaintiffs named three distinct defendants, the only proper defendants to be considered for diversity purposes are TASER and Smith, both citizens of Arizona. *See* McNulty Decl., Ex. A Complaint ¶¶ 1-2.

11. While Lexipol is a citizen of California based upon its principal place of business being located in California, its citizenship should not be considered for purposes of determining federal jurisdiction because Lexipol was fraudulently

joined in this Action for the purpose of defeating diversity. The only proper defendants for diversity purposes are TASER and Smith because they are the sole defendants from whom Plaintiffs could theoretically recover. *See Triggs v. John Crump Toyota* (11th Cir. 1998) 1454 F.3d 1284, 1287 (holding that fraudulent joinder exists where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant).

12. Plaintiffs' first cause of action for negligence is against all Defendants for "designing, manufacturing, selling, distributing, installing, fabricating, assembling, buying, inspecting, testing, servicing, repairing, marketing, advertising, warranting, instructing, and warning about the use of the Model X26" CEW. *See* McNulty Decl., Ex. A Complaint ¶ 50. However, as set forth in the attached Declaration of Lexipol's CEO, Lexipol does not design, manufacture, sell, distribute, fabricate, assemble, buy, inspect, test, service, repair, market, advertise, warrant, draft product warnings or draft product training materials for the Model X26 CEW manufactured by TASER that is the product at issue in this Action. *See* Wilkerson Decl. ¶ 6. As such, Plaintiffs will be unable to establish liability against Lexipol under a theory of negligence.

13. Plaintiffs' second cause of action for strict products liability, third cause of action for intentional misrepresentation, and fourth cause of action for fraudulent concealment and deceit are not alleged against Lexipol. *See* McNulty Decl., Ex. A Complaint.

14. Plaintiffs' only other cause of action against Lexipol is for negligent misrepresentation. *Id.*, ¶ 79. However, Lexipol cannot be liable to Plaintiffs under a theory of negligent misrepresentation as the Complaint fails to allege any false representations or communications attributed to Lexipol. The only statement by

Lexipol alleged in the Complaint is set forth in ¶ 37. The statement is <u>not</u> alleged to be false. Instead, Plaintiffs allege that Lexipol "did not recommend extensive retraining of officers to teach them to avoid the chest, nor to make explicit the fact that chest shots increased the risk of cardiac arrest." *Id.*, ¶ 37. Lexipol had no duty to do so.

15. Lexipol is a provider of state-specific policy management resources for law enforcement organizations. *See* Wilkerson Decl. ¶ 4. It offers a customizable, updated online policy manual service to assist law enforcement agencies with administrative policy management. *Id.* Although Lexipol offers *recommended* policies written by legal and public safety professionals, its customer agreements make clear that the *agency* is tasked with reviewing, customizing and adopting all such policies and remains the "policy maker" for all purposes. *See* Wilkerson Decl. ¶¶ 5, 7.

16. Lexipol's relationship with the Ontario PD is contractual. The May 8, 2008 manual subscription agreement for web-based services (the "Lexipol Agreement") provides:

> **XII. POLICY ADOPTION**
> The Agency hereby agrees and certifies that any and *all policies developed and provided by* LEXIPOL LLC *and its agents, employees and representatives have been individually reviewed, customized and adopted for the exclusive use of the AGENCY.* It is further acknowledged and agreed that LEXIPOL LLC and its agents, employees and representatives shall not be considered "policy makers" in any legal or other sense and that, upon acceptance of the policy manual and execution of this Agreement, the chief executive of *the AGENCY for all purposes be considered the "policy maker" with regard to each and every policy contained in said manual.*

*See* Wilkerson Decl. ¶ 8 and Ex. A Lexipol Agreement § 12 (emphasis added).

17. The Lexipol Agreement also disclaims all warranties, stating the "entire risk as to satisfactory quality, performance, accuracy and effort is with

Agency," with whom Plaintiffs have settled. *See* Wilkerson Decl. ¶ 9 and Ex. A Lexipol Agreement § 10, Disclaimer of Warranties.

18. The Lexipol Agreement further makes clear there are no intended third-party beneficiaries. It provides in part:

> **VIII. INDEMNIFICATION**
> … To the fullest extent permitted by law, Lexipol or other persons creating or transmitting the service and the information shall have no responsibility or liability to Agency *or anyone else* under any *tort*, contract, *negligence*, strict liability, products liability or other theory with respect to any subject matter of this agreement or terms and conditions of use thereto with the exception of liability resulting from a finding of gross negligence, and/or willful and wanton conduct of Lexipol.

*See* Wilkerson Decl. ¶ 10 and Ex. A Lexipol Agreement § 8 (emphasis added).

19. Finally, the Ontario PD did not adopt Lexipol's recommended Policy 309 regarding "Conducted Energy Device" [synonymous with CEW] until well *after* the June 21, 2012 Schrock incident date at issue in this Action. *See* Wilkerson Decl. ¶ 11.

20. As such, the claims against Lexipol are patently spurious, and its citizenship should not be considered for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the grounds that there is no possibility that Plaintiffs will be able to establish liability against Lexipol. Because Plaintiffs and TASER and Smith are citizens of different states, there is diversity of citizenship in this Action, and it is being properly removed.

21. TASER will serve Plaintiffs with a copy of this Notice of Removal and will promptly file and serve a Notice of Filing Notice of Removal with the Clerk of the Court of San Bernardino County, California.

**State Court Pleadings**

22. Pursuant to 28 U.S. section 1446(a), and to the best of TASER's knowledge, the attached exhibits to this Notice constitute all of the process, pleadings and orders served upon or available online to TASER at the time of this removal.

Dated: October 17, 2014

ARCHER NORRIS

*Elizabeth V. McNulty*
Elizabeth V. McNulty
Attorneys for Defendant
TASER International, Inc.

# EXHIBIT 1

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| NANCY SCHROCK, individually and as the Personal representative for THOMAS H. SCHROCK, deceased, MATTHEW SCHROCK and SARAH PALMER, <br><br> Plaintiffs, <br><br> v. <br><br> TASER INTERNATIONAL, INC., PATRICK "RICK" SMITH; LEXIPOL, LLC., and DOES 1-100, INCLUSIVE, <br><br> Defendants. | Case No.: CIVDS1408556 <br><br> **DECLARATION OF RON WILKERSON, CEO, LEXIPOL, LLC** |

I, Ron Wilkerson, declare and state as follows:

1. I am a competent adult and have personal knowledge of the following facts.

2. I am currently employed as Chief Executive Officer ("CEO") with Lexipol, LLC ("Lexipol"). Lexipol is a Delaware Corporation with its principal place of business in Aliso Viejo, California.

3. As of the date of this declaration, Lexipol has not been served with a lawsuit entitled *Schrock v. TASER International, Inc. et al.*, Case No. CIVSD1408556 filed in San Bernardino County Superior Court on or about June 17, 2014.

4. Lexipol is a provider of state-specific policy management resources for law enforcement organizations. Lexipol offers a customizable, updated online policy manual service to assist law enforcement agencies with administrative policy management.

5. Lexipol offers recommended policies written by legal and public safety professionals who monitor and review government legislation, case decisions, and law enforcement best practices.

6. Lexipol does not design, manufacture, sell, distribute, fabricate, assemble, buy, inspect, test, service, repair, market, advertise, warrant, draft product warnings or draft product training materials for the Model X26 conducted electrical weapon manufactured by TASER International, Inc., the product I have been informed is at issue in the *Schrock v. TASER International, Inc. et al.*, Case No. CIVSD1408556.

7. In Lexipol's contractual relationships with law enforcement agencies, the law enforcement agency remains the policymaker and is responsible for reviewing, customizing and adopting each policy in the agency's manual.

8. The Ontario Police Department ("OPD") entered into a manual development subscription agreement ("Agreement") with Lexipol on May 8, 2008 for web-based services. (A true and correct copy of the Agreement is attached as Exhibit A). That Agreement provides:

XII. POLICY ADOPTION

The Agency hereby agrees and certifies that any and all policies developed and provided by LEXIPOL LLC and its agents, employees and representatives have been individually reviewed, customized and adopted for the exclusive use of the AGENCY. It is further acknowledged and agreed that LEXIPOL LLC and its agents, employees and representatives shall not be considered "policy makers" in any legal or other sense and that, upon acceptance of the policy manual and execution of this Agreement, the chief executive of the AGENCY for all purposes be considered the "policy maker" with regard to each and every policy contained in said manual.

9. The Agreement disclaims all warranties to the fullest extent permitted by law, stating the "entire risk as to satisfactory quality, performance, accuracy and effort is with Agency." (Ex. A).

10. The Agreement makes clear there are no intended third-party beneficiaries. It provides in part:

VIII. INDEMNIFICATION

… To the fullest extent permitted by law, Lexipol or other persons creating or transmitting the service and the information **shall have no responsibility or liability to Agency or anyone else under any tort**, contract, negligence, strict liability, products liability **or other theory with respect to any subject matter of this agreement** or terms and conditions of use thereto with the exception of liability resulting from a finding of gross negligence, and/or willful and wanton conduct of Lexipol. (*Id.*).

11.  OPD did not adopt Lexipol's recommended Policy 309 regarding "Conducted Energy Device" until after the June 21, 2012 incident date I understand to be at issue in *Schrock v. TASER International, Inc. et al.*, Case No. CIVSD1408556.

I swear and affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed October 15, 2014, at Aliso Viejo, California.

Ron, Wilkerson, Declarant

EXHIBIT A

Ca372

Agency is purchasing the following Service:

Manual Development Subscription [xxx]   Update Subscription [ ]   Daily Training Bulletins [ ]

The subscription agreement is authorized and approved by:

Gregory C. Devereaux, City Manager

(Name of Agency as you want it to appear on the manual)

ONTARIO POLICE DEPARTMENT

(Name and Title of authorized signer)

JIM DOYLE, CHIEF OF POLICE

(Date)                                   (Risk Management Group / Insurance Pool)

4/15/2008                                ACCEL

(Street Address)

2500 S. Archibald Avenue

| (City) | (County) | (State) | (Zip Code) |
|---|---|---|---|
| Ontario | San Bernardino | CA | 91761 |

| (Billing Address) | (City) | (State) | (Zip Code) |
|---|---|---|---|
| 2500 S. Archibald Avenue | Ontario | CA | 91761 |

| (Phone) | (Fax) | (Email) |
|---|---|---|
| (909) 395-2708 | (909) 395-2709 | LVilla@ontariopolice.ortg |

| (Number of Sworn Officers) | (Agency Fiscal Year End) |
|---|---|
| 230 | June 30th |

| (Primary user full Name) | (Phone) |
|---|---|
| PAT McMAHON | (909) 395-2818 |

(Primary user email address)

PMcMahon@ontariopolice.org

(Unique User ID number 2-5 digits i.e. (badge number, employee number)

14417

Agency Signature                         Date

*[signature] Gregory C. Devereaux, City Manager*       4/30/08



Lexipol LLC
6B Liberty #200
Aliso Viejo, CA 92656

Tel: 949-484-4444
Fax: 949-484-4443

## TERMS AND CONDITIONS FOR USE OF SUBSCRIPTION MATERIAL

I. ACCEPTANCE OF TERMS

The services that Lexipol, LLC, a California Limited Liability Company (hereinafter "Lexipol"), provides to Agency, Customer, User, Purchaser are subject to the following Terms and Conditions of Use. These Terms and Conditions are valid through the subscription period of one year. Lexipol reserves the right to update/change the Terms and Conditions of Use on the renewal date of the subscription agreement period whereas those updates/changes on the Terms and Conditions of Use will be valid for the new subscription period. This document represents the most current version of the Terms and Conditions of Use. Any changes or updates can be reviewed by clicking on the "Terms and Conditions of Use" hypertext link located on Lexipol's Forum page once Agency becomes a subscriber. AGENCY MUST AGREE WITH THESE TERMS AND CONDITIONS OF USE BEFORE AGENCY CAN USE THIS WEB SITE.

II. DESCRIPTION OF SERVICES

Through Lexipol's Web site, Lexipol provides Agency with access to the Lexipol Knowledge Management System. Lexipol provides numerous subscriptions to this system, each with varying services depending on the level of subscription. The different subscriptions are: 12 month Policy Development Subscription, 12 month Policy Update Subscription, and 12 month Daily Training Bulletin Subscription.

III. MEMBER ACCOUNT, PASSWORD AND SECURITY

If any of the Services provided to Agency by this website requires Agency to open an account, Agency must complete the registration process by providing Lexipol with current, complete and accurate information as prompted by the applicable registration form. Agency will also [choose/be provided] a password and a user name. Agency is entirely responsible for maintaining the confidentiality of Agency's password and account. Furthermore, Agency is entirely responsible for any and all activities that occur under Agency's account. Agency agrees to notify Lexipol immediately of any unauthorized use of Agency's account or any other breach of security.

Agency may not use anyone else's account at any time, as Agency's password and user name are for the purchaser's sole use. Purchasers of premium content through this Web site are not permitted to share, distribute, sell, or otherwise transfer their password to other individuals. Significant or unusual use of a single user name and password (including, but not limited to, significant use of a single user name and password on multiple computers) could result in suspension of that password.

IV. NOTICES

Any notice to be given to the parties shall be sent to Lexipol at the address above or if to the Agency to the contact person registered as the primary user.

## V. PAYMENT TERMS

Agency agrees to pay the current fees for all services purchased using Agency's user name and password. All services are payable in full within forty-five (45) days from subscription start date. Any amounts past sixty (60) days from due date shall accrue interest at one (1%) percent per month for past due accounts. Invoices are sent thirty (30) days previous to the subscription start date and anniversary date thereafter. All payments are applied to the oldest balance.

## VI. PRIVACY POLICY

Lexipol shall keep all information Agency provides confidential and private in accordance with Lexipol's privacy policy. Because security is important to Lexipol and our users, Lexipol will always make reasonable efforts to ensure the security of Lexipol's systems. Lexipol employs security systems to protect the information Lexipol receives from Agency's users. The Lexipol Policy Web site uses Secure Socket Layer (SSL) Protocol for browsers that support 128-bit encryption (such as Microsoft Internet Explorer 5 and greater). SSL encrypts information as it travels between customer and Lexipol. Please be aware that Internet data transmission is not always 100% secure and Lexipol cannot warrant that information Agency transmits utilizing Lexipol's Service or Web site is 100% secure.

## VII. APPLICATION OF LAW AND JURISDICTION

Agency agrees that any claim, action, or proceeding arising out of these Terms and Conditions of Use, or Agency's use of the Web site, shall be governed by and construed in accordance with the laws of the State of California applicable to contracts to be wholly performed therein, and any action based on or alleging a breach of this Agreement must be brought in a state or federal court in Orange County, California. This Agreement shall be governed and interpreted pursuant to the laws of the State of California, United States of America, notwithstanding any principles of conflicts of law.

## VIII. INDEMNIFICATION

Agency understands that Lexipol and its agents, employees and representatives have developed policy guidelines and content in a good faith effort to comply with all applicable statutes, case law and industry standards in effect at the time such policies were approved and adopted by Agency. Agency acknowledges that Lexipol shall not be responsible for updating these policies to adhere to subsequent changes in the law or other conditions and those changes and updates will only be provided by Lexipol as a part of an annual subscription. While Lexipol has made a good faith effort to develop all policies and training in accordance with existing law and standards, ==Agency acknowledges that neither Lexipol nor any of its agents, attorneys, employees or representatives are obligated to provide legal representation, defense, or indemnification for any litigation in which said policies are subject to challenge==.

To the fullest extent permissible under applicable law, and except as otherwise herein, Lexipol and/or other persons creating or transmitting the information and the service will in no event be liable to Agency or anyone else for any direct, indirect, consequential, incidental, special, exemplary, or punitive damages for the information, even if Lexipol or other persons creating or transmitting the information or the service shall have been advised of the possibility of such damages. ==To the fullest extent permitted by law, Lexipol or other persons creating or transmitting the service and the information shall have no responsibility or liability to Agency or anyone else under any tort, contract, negligence, strict liability, products liability or other theory with respect to any subject matter of this agreement or terms and conditions of use thereto with the exception of liability resulting from a finding of gross negligence, and/or willful and wanton conduct of Lexipol.==

IX. COPYRIGHT

Agency expressly acknowledges and agrees that each and every policy provided by Lexipol, its agents, employees, and representatives including, but not limited to, all updates, revisions the entire Policy Manual and Daily Training Bulletins purchased from Lexipol were expressly created for Agency's exclusive use. Agency further agrees that all policy, update, revision or Daily Training Bulletins originally provided by Lexipol are protected under copyright agreements and may not be sold. Nothing in this statement is intended to prohibit or restrict Agency from access and reproduction for department functions and providing any policies contained within the Policy Manual pursuant to and authorized by a request under the Public Records Act, pursuant to Court order or any other lawful process.

X. DISCLAIMER OF WARRANTIES

The service and all information is provided "as is" without warranties, express or implied, or representations of any kind whatsoever. There shall be no warranties of merchantability, fitness for a particular use, non-infringement of proprietary rights, enjoyment of the information or service, system integration, or accuracy of the information. To the fullest extent permitted by law, Lexipol disclaims any warranties for the security, reliability, timeliness, and performance of the information and the service. The entire risk as to satisfactory quality, performance, accuracy and effort is with Agency.

Some jurisdictions do not allow the disclaimer of implied warranties. In such jurisdictions, the foregoing disclaimers may not apply to Agency insofar as they relate to implied warranties. In those jurisdictions Lexipol shall use its best efforts, including industry standards of care, to insure satisfactory quality, performance and accuracy.

XI. NON-WAIVER AND SEVERABILITY

Lexipol's failure to exercise any right or provision of this Agreement shall not constitute a waiver of such right or provision. If a court of competent jurisdiction holds any provision of this Agreement to be invalid, the parties nevertheless agree that the court should endeavor to give effect to the parties' intentions as reflected in the provision, and agree that the other provisions of this Agreement remain in full force and effect.

XII. POLICY ADOPTION

The Agency hereby agrees and certifies that any and all policies developed and provided by LEXIPOL LLC and its agents, employees and representatives have been individually reviewed, customized and adopted for the exclusive use of the AGENCY. It is further acknowledged and agreed that LEXIPOL LLC and its agents, employees and representatives shall not be considered "policy makers" in any legal or other sense and that, upon acceptance of the policy manual and execution of this Agreement, the chief executive of the AGENCY for all purposes be considered the "policy maker" with regard to each and every policy contained in said manual.

XIII. TERMINATION

This Subscription Agreement may be terminated at the annual anniversary date of the subscription period by written notice to the other party at least 15 days preceding the anniversary date.

**PROOF OF SERVICE**

I, Kathryn M. Craig, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 4695 MacArthur Court, Suite 350, Newport Beach, California 92660-8816. On October 17, 2014, I served a copy of the within document(s):

> **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION)**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Gary Mardirossian, Esq.<br>Rowena J. Dizon, Esq.<br>MARDIROSSIAN & ASSOCIATES, INC.<br>A Professional Law Corporation<br>6311 Wilshire Boulevard<br>Los Angeles, CA 90048-5001<br>Phone: (323) 653-6311<br>Fax: (323) 651-5511<br><br>*Attorneys for Plaintiffs* | John Burton, Esq.<br>THE LAW OFFICES OF JOHN BURTON<br>4 East Holly Street, Suite 201<br>Pasadena, CA 91103<br>Phone: (626) 449-8300<br>Fax: (626) 449-4417<br><br>*Attorneys for Plaintiffs* |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

T0211001/1925858-1

1  motion of the party served, service is presumed invalid if postal cancellation date or postage
2  meter date is more than one day after date of deposit for mailing in affidavit.
3      I declare that I am employed in the office of a member of the bar of this court at whose
4  direction the service was made.
5      Executed on October 17, 2014, at Newport Beach, California.

*[signature]*
Kathryn M. Craig