JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | ED CV 14-02142-AB (DTBx) | Date: | December 19, 2014 |
|---|---|---|---|

| Title: | Nancy Schrock, et al. v. Taser International, Inc., et al. |
|---|---|

Present: The Honorable  ANDRÉ BIROTTE JR.

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] Order Granting Plaintiffs' Motion to Remand**

Pending before the Court is Plaintiffs Nancy Schrock, Matthew Schrock, and Sarah Palmer's Motion to Remand filed on November 14, 2014.  (Dkt. No. 10.)   Defendant Taser International Inc., filed an Opposition on November 24, 2014, and Plaintiffs filed a Reply on November 1, 2014.   (Dkt. Nos. 17, 20.)   On December 10, 2014, the Court took this matter under submission.   (Dkt. No. 24.)   After consideration of the materials submitted by the parties and the case file, the Court hereby **GRANTS** Plaintiffs' Motion.

   I.   **FACTUAL AND PROCEDURAL HISTORY**

On June 17, 2014, Plaintiffs filed a complaint in the San Bernardino County Superior Court, against Defendant Taser International, Defendant Patrick "Rick" Smith, and Defendant Lexipol LLC (collectively "Defendants").   (*See* Complaint, Dkt. No. 1.) Plaintiff Nancy Schrock is Decedent's spouse.   (*Id.*)   Plaintiffs Matthew Schrock and Sarah Palmer are the adult children of Decedent.   (*Id.*)   As representatives of Decedent Thomas H. Schrock, Plaintiffs allege that Decedent suffered a cardiac arrest and died because an Ontario Police Officer shot Decedent in the chest with an X26 taser.   (*Id.*)

On June 21, 2012, Decedent experienced a "psychotic episode" at Plaintiffs' home. (*Id.* at ¶ 41.)   Plaintiffs called Ontario Police Department ("OPD") to assist them with

Decedent's behavior.  (*Id*.)  In responding to the call, Officer Robert Sturgis and Officer Santiago Mota arrived.  (*Id*. at ¶ 42.)  Decedent approached the Officers apparently directing the Officers to leave the house.  (*Id*. at ¶ 44.)  Officer Mota fired his X26 taser gun at Decedent.  (*Id*.)  One of the taser's darts punctured Decedent's lower abdomen at which point an electrical shock was applied.  (*Id*. at ¶¶ 44-45.)  After the electrical circuit, Decedent dropped to the ground and suffered a cardiac arrest.  (*Id*. at ¶ 46.)  Decedent was rushed to the hospital, and ultimately died on June 28, 2012. (*Id*. at ¶¶ 46-48.)

Plaintiffs claim that Defendants are liable for Decedent's death.  Plaintiffs allege that Defendant Taser International is liable because Defendant Taser International manufactured the X26 taser.  (*See* Compl.)  Plaintiffs allege that Defendant Smith is liable because Defendant Smith is the CEO of Defendant Taser International.  (*Id*.)  Plaintiffs allege that Defendant Lexipol is liable because Defendant Lexipol is a corporation that advises the OPD on policies such as the use of tasers.  (*Id*.)

Based on these factual allegations, the causes of action include claims for negligence, strict products liability, intentional misrepresentation, negligent misrepresentation, and fraudulent concealment and deceit.  (*Id*.)  Of these claims, only those for negligence and negligent misrepresentation are pled against Defendant Lexipol. (*Id*.)

On October 17, 2014, Defendant Taser International filed a Notice of Removal based on federal diversity jurisdiction.  (Notice of Removal "NOR," Dkt. No. 1.)  On November 14, 2014, Plaintiffs filed the instant motion, seeking to remand the matter back to state court.  (Dkt. No. 10.)

Complete diversity does not currently exist with this case.  Plaintiffs and Defendant Taser International are of diverse citizenship; Plaintiffs and Defendant Lexipol, however, are both citizens of California.  (*See* Compl.)  Therefore, whether this Court has diversity jurisdiction over this action depends on whether Defendant Lexipol joinder is proper or a sham.  Defendant Taser International contends that Defendant Lexipol's joinder is a sham because Defendant Lexipol cannot be held liable for either of the claims pled against it, and that the Court must disregard Defendant Lexipol's citizenship in determining whether there is diversity.  Plaintiffs contend that her claims against Defendant Lexipol are proper, thereby compelling remand.

## II.  LEGAL STANDARD

Federal jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be completely diverse and that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  A defendant may remove an action from state court to federal court if the

diversity and amount in controversy requirements of 28 U.S.C. § 1332 are satisfied and if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because courts must "strictly construe the removal statute against removal jurisdiction . . . [f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

A district court must remand a case previously removed from state court if, at any time before judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "defendant always has the burden of establishing that removal is proper," and courts "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566 (citation omitted).

The issue is whether federal jurisdiction exists as to the present Complaint. If federal jurisdiction does not exist, then the matter must be remanded to state court. If, however, federal jurisdiction is present over this Complaint, the case remains within this Court's jurisdiction.

### A. Fraudulent Joinder Standard

"It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1318 (9th Cir. 1998). A defendant may remove a civil action on the basis of diversity jurisdiction and seek to persuade the district court that a non-diverse defendant was fraudulently joined. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not connote any intent to deceive on the part of plaintiffs or their counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd.*, 710 F.2d 549 (9th Cir. 1983). The relevant inquiry is whether plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is obvious under settled state law. *McCabe*, 811 F.2d at 1339. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* "Under such circumstances, the court may disregard the joinder and retain jurisdiction." *Lewis*, 83 F.R.D. at 460.

However, a "colorable" claim against a non-diverse defendant bars removal under the fraudulent joinder doctrine; "doubtful questions" of law must be determined in state court. *See Smith v. Southern Pacific Co.*, 187 F.2d 397, 401-02 (9th Cir. 1951); *see also McCabe*, 811 F.2d at 1339. Thus, "it must appear to 'a near certainty' that joinder of

[the "sham" defendant] was fraudulent." *Bennett v. Allstate Ins. Co.*, 753 F. Supp. 299, 302 (N.D. Cal. 1990) (quoting *Lewis*, 83 F.R.D. at 466).

## III.   DISCUSSION

Defendant Taser International removed this case this Court based on diversity of citizenship.   (*See* NOR.)   Defendant Taser International contends that Defendant Lexipol may not be held liable for the claims against it, and that its joinder was fraudulent.   (Dkt. No. 17.)   Defendant Taser International argues that Plaintiffs' claim against Defendant Lexipol for negligence and negligent misrepresentation are not recoverable claims because Defendant Lexipol did not owe a duty to Plaintiffs and Decedent.   Plaintiffs contend that both of these claims, as pled, are proper against Defendant Lexipol.

Defendant Lexipol provides and recommends state-specific policy management resources for law enforcement organizations.   (NOR, Wilkerson Dec., Ex. 1 ¶ 4.)   Defendant Lexipol also provides its resources through an online manual service.   (*Id.*)   Law enforcement agencies can use these resources to assist in administrative policy management.   (*Id.*)   Defendant Lexipol contracted with OPD in May 2008 for the "manual development subscription."   (Wilkerson Dec., ¶ 8.)   One of Defendant Lexipol's recommendations involved Defendant Taser International's "Training Bulletin No. 15."   (Compl. ¶ 37.)   The recommendations lay out a policy for law enforcement officers to consider in evaluating the use of Defendant Taser International's devices. (*Id.*)   OPD formalized Defendant Lexipol's recommended "Conducted Energy Device" policy after Decedent's death.   (Wilkerson Dec., ¶ 11.)   Plaintiffs' claims for negligence and negligent misrepresentation arise out of Defendant Lexipol's recommendations, and how those recommendations may have trickled down to OPD's policies regarding the use of tasers.

### A. Negligence

Plaintiffs' first cause of action is for negligence.   (Compl. ¶¶ 49-57.)

Under California law, "a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury."   *Hesterberg v. United States*, No. 13-CV-01265-JSC, 2014 WL 5073716, at *18 (N.D. Cal. October 9, 2014) (citation omitted).

Defendant Taser International argues that Plaintiffs must prove that Defendant Lexipol owed a duty to Plaintiffs in order for this negligence claim to survive.   (Dkt. No. 17, pp. 7-9.)   In supporting its argument, Defendant Taser International cites to *Weseloh Family Limited Partnership v. K.L. Wessel Construction Co.*, 125 Cal. App. 4th

152, 166-73 (Ca. App. 2005). This case involved property owners bringing negligence claims against a general contractor, subcontractor, and the engineers behind the "installation of the earth retention" of the property's retaining walls. *Id*. at 161. The Court affirmed the summary judgment ruling in favor of the engineers because there was no contractual privity between the engineers and the plaintiffs. *Id*. at 166-67. Without the contractual basis, the Court found that the engineers owed no duty to plaintiffs. *Id*.

Defendant Taser International contends that the *Weseloh* reasoning applies to this case because Defendant Lexipol's duty does not extend to Plaintiffs. (Dkt. No. 17, p. 9.) Defendant Lexipol's contract is with OPD and therefore no duty is owed to Plaintiffs. (*Id*.) Moreover, the contract only provides for Defendant Lexipol's policy recommendations, and OPD remains the final decisionmaker. (*Id*.) Therefore, Defendant Lexipol cannot be liable for mere recommendations. (*Id*.)

Defendant Taser International fails to account for the fact that cases such as *Weseloh* were decided on summary judgment where the Court is provided with a surplus of evidence through discovery in making its ruling. The possibility that the relationship between Defendant Lexipol and OPD created a tort liability that could be extended to Plaintiffs are reasonably forseeable. *Lugtu v. California Highway Patrol*, 26 Cal. 4th 703, 716, 110 Cal. Rptr. 2d 528, 537, 28 P.3d 249 (Ca. 2001) ("It is well established [ ] that one's general duty to exercise due care includes the duty not to place another person in a situation in which the other person is exposed to an unreasonable risk of harm through the reasonably foreseeable conduct (including the reasonably foreseeable negligent conduct) of a third person.") (citations omitted); *Ample Bright Development, Ltd. v. Comis International*, 913 F.Supp.2d 925, 939 (C.D. Cal. 2012) ("a person ordinarily is obligated to exercise due care in his or her own actions so as to not to create an unreasonable risk of injury to others, and this legal duty generally is owed to the class of persons who it is reasonably foreseeable may be injured as the result of the actor's conduct.") (citation omitted).

Defendant Lexipol contracted with OPD in May 2008 for the "manual development subscription" in which Defendant Lexipol provided recommendations involving Defendant Taser International's "Training Bulletin No. 15." (Compl. ¶ 37.) Defendant Lexipol's recommendations highlighted the procedures in using a taser, which Plaintiffs allege OPD possibly relied on in directing OPD Officers and their use of tasers. The Court cannot conclude, to a near certainty, that Plaintiffs' allegations are insubstantial. After Decedent's death, OPD formalized Defendant Lexipol's recommended policy regarding "Conducted Energy Device." (Wilkerson Dec., ¶ 11.) Although the formalization of Defendant's policy occurred after Decedent's death, at this stage of the litigation, the Court is not going to preclude the possibility that OPD relied on Defendant Lexipol's recommendations throughout the gap between the contract in May 2008 and the formalization of Defendant Lexipol's "Conducted Energy Device"

policy. Defendants may or may not be correct that Plaintiffs' allegations are insufficient to state a claim for negligence because the duty of care may not ultimately exist; however, Defendant Taser International has not shown that there is "absolutely no possibility" that Plaintiffs can establish a cause of action against Defendant Lexipol in state court. *See*, *e.g.*, *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir. 1995) (mentioning that as the burden of proving fraudulent joinder is a heavy one, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court" and considering causes of action not in plaintiff's complaint); *Good v. Prudential Ins. Co. of America,* 5 F.Supp.2d 804, 807 (N.D. Cal. 1998) (stating that "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant").

The standard for fraudulent joinder requires more than showing that a plaintiff's claim may be ultimately unsuccessful, the claim must be frivolous; its failure must be obvious. *Davis v. Prentiss Prop. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("[I]f a diversity-defeating claim is not frivolous, the plaintiff has the right to have it considered by the state court in which it was filed."). Plaintiffs should be given the opportunity to substantiate the missing pieces of their claim through discovery or, at the very least, be given the opportunity to amend the complaint in state court. *Continental Insurance Company v. Foss Maritime Company*, No. C02-3936 MJJ, 2002 WL 31414315, at *6 (N.D. Cal. 2002) ("The standard is not whether plaintiffs will actually or even prevail on the merits, but whether there is any possibility that they may do so.") (citation omitted).

### B. Negligent Misrepresentation

Plaintiffs' fourth cause of action is for negligent misrepresentation. (Compl. ¶¶ 78-82.)

Under California law, to prevail on a cause of action for negligent misrepresentation, a plaintiff must provide that (1) a defendant had a duty to exercise reasonable care in giving the information to the plaintiff; (2) the defendant gave false information to the plaintiff with a degree of culpability at least equal to that of negligence; (3) the plaintiff must actually and reasonably relied upon the alleged misrepresentations; and (4) the plaintiff's reliance upon the defendant's misrepresentations proximately caused the injury. *Ravins v. Alvarez*, Nos. CV 01-4003 NM (MANx), CV 03-5793 NM, 2004 WL 5642455, at *10 (C.D. Cal. 2004) (citing *Garcia v. Superior Court*, 50 Cal. 3d 728, 734-37, 268 Cal. Rptr. 779, 789 P.2d 960 (1990)).

Here, Plaintiffs assert that Defendant Lexipol is held liable for the inaccurate

representations to OPD, which may have caused Plaintiffs' injury. (Dkt. No. 10, p. 3 ¶ 3.) Plaintiffs' negligent misrepresentation claim relies on OPD's use of Defendant Lexipol's recommendations regarding Defendant Taser International's "Training Bulletin No. 15." (Compl. ¶ 37; Wilkerson Dec. ¶ 8.) The recommendations are outlined in the OPD Directive. (Dkt. No. 10, Ex. A.) Plaintiffs allege that Defendant Lexipol's recommendations did not emphasize the possibility of cardiac arrests while using the X26 taser. (Compl. ¶ 37.) Without the emphasis and recommendation to avoid chest shots with the X26 taser and the risk of cardiac arrests, Plaintiffs hold Defendant Lexipol liable for the misleading information that attributed to Decedent's death.

Defendant Taser International argues that Defendant Lexipol's representations are not false. (Dkt. No. 17, p. 10 ¶ 2.) In its recommendations, Defendant Lexipol outlined areas to avoid in using its tasers such as the chest, groin, neck and head. (*Id*. at 17.) Defendant Lexipol specifically recommends taking "reasonable efforts" to "target lower center mass and avoid intentionally targeting the head, neck, groin and chest. . . ." (Dkt. No. 10, Ex. A.) However, the recommendations also state that "…chest shots will inevitably occur and are probably unavoidable in many dynamic situations. . . ." (Dkt. No. 10, Ex. A.) Defendant Lexipol does not shed light on the possibility of cardiac arrests or any other severe health traumatization.

The information Defendant Lexipol provides can be a source of liability if that information is incomplete or misleading. *See Randi W. v. Muroc Joint Unified Sch. Dist.*, 14 Cal.4th 1066, 1082, 60 Cal. Rptr. 2d 26 (Cal. 1997). Plaintiffs hold Defendant Lexipol liable because the recommendations do not clearly emphasize the possibility of a cardiac arrest or to retrain officers to avoid chest shots when using Defendant Taser International's devices. Officer Mota did not hit Decedent in the chest when he shot the X26 taser, but Decedent did suffer a cardiac arrest after being hit in the lower abdomen. (*See* Compl. ¶ 46.) At the time of the incident, Officer Mota may have acted in accordance with Defendant Lexipol's recommendations. Without stressing the risk of cardiac arrests, Officers, like Officer Mota, may be misled as to the dangers tasers pose to victims such as Decedent, who suffered from a "psychotic episode" at the time of the incident. (*Id*. at ¶ 41.)

At this stage of the litigation, the Court cannot find that there are "no allegations" of negligent misrepresentation, especially if Plaintiffs are granted leave to amend. The allegations, as currently pled in the complaint, may be lacking, but the Court must consider that Plaintiffs could allege additional facts sufficient to state a claim against Defendant Lexipol. While Defendants may ultimately prevail on the negligence and negligent misrepresentation claims, "such a consideration is of limited import for purposes of the instant motion, which requires Plaintiffs to make even less of a showing than would be required on a motion to dismiss." *Chavez v. Amerigas Propane, Inc.*, No.

CV 12-007524 MMM (Ex), 2013 WL 25882, at *8 (C.D. Cal. Jan. 2, 2013) (citation omitted).

## IV.  CONCLUSION

For the foregoing reasons, Defendant Taser International cannot meet its high burden of demonstrating that Defendant Lexipol cannot be held liable for the two claims pled against it.   Accordingly, Defendant Lexipol is a proper Defendant, and its California citizenship destroys complete diversity.   This Court therefore lacks subject matter jurisdiction over the Complaint, and the action must be remanded.

The Court hereby **GRANTS** Plaintiffs' Motion for Remand, and hereby **REMANDS** this case back to the state court from which it was removed.

**IT IS SO ORDERED.**